**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**JOHN OSCAR KALU,**
                **Petitioner,**

**v.**                                              **Civil Action No.: 3:18-CV-136**
                                                    **(GROH)**

**FREDERICK ENTZEL,**
                **Respondent.**


**REPORT AND RECOMMENDATION[1]**

## I.    INTRODUCTION

On August 27, 2018, Petitioner initiated this action by filing a petition for habeas corpus relief and memorandum in support thereof pursuant to 28 U.S.C. § 2241.  ECF Nos. 1, 1-1 through 1-7.  On November 4, 2019, Petitioner filed a motion to rule on his petition for habeas corpus.  ECF No. 15. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

## II.    FACTUAL AND PROCEDURAL HISTORY[2]

### A. Conviction and Sentence

On August 13, 2010, a grand jury in the Southern District of Florida, returned an indictment in criminal action number 1:10-CR-20625 against Petitioner and a co-

---

[1] Unless otherwise noted, ECF citations refer to the instant case, 3:18-CV-136.

[2] All CM/ECF references in Sections II.A and II.B., unless otherwise noted, refer to entries in the docket of Criminal Action No. 1:10-CR-2-625, Southern District of Florida, available on PACER.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may properly take judicial notice of public record); Colonial Penns. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

defendant[3] charging them with various bank fraud and identity theft offenses.  ECF No. 1.  Petitioner was charged in five counts, which alleged: (1) in Count 1, conspiracy to defraud a financial institution, in violation of 18 U.S.C. § 1344; (2) in Counts 2 and 3, conspiracy to defraud a financial institution, in violation of 18 U.S.C. §§ 1344 and 2; and (3) in Counts 5 and 6, identity theft during the conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349.  Id.

On March 30, 2011, the Petitioner was convicted by a jury as to all counts.  ECF No. 104.  On June 7, 2011, Petitioner was sentenced to 120 months of imprisonment on each of Counts 1 through 3, with those sentences to be served concurrently with one another, an additional 24 months on Count 5 to be served consecutively to all other sentences, and another additional 24 months on Count 6 to be served consecutively to all other sentences.  ECF No. 117 at 2.  The sentencing court relied on the post-Booker advisory Guidelines,[4] Petitioner's predicate offenses, and the fact that, "[t]he parties stipulated and agreed that the appropriate sentence in this case [was] a term of imprisonment of twenty years (240 months)."  ECF No. 351 at 4, 5 ¶ 13.

## B.  Direct Appeal

On July 30, 2012, the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence, in that court's docket 11-12728.  ECF No. 142.  In his appeal, Petitioner argued that the district court incorrectly applied the Sentencing Guidelines and improperly imposed an upward variance at sentencing.  Id. at 2.  The Eleventh Circuit

---

[3]  Petitioner's co-defendant was charged in Counts 4 and 7.

[4]  In the "Tentative Findings and Rulings Concerning Dispute Facts or Factors", the Court acknowledged that the U.S.S.G. "are advisory and no longer mandatory in the federal courts."  ECF No. 351 at 2.

held that:

> Because the court considered the arguments Kalu made at sentencing, considered the 18 U.S.C. § 3553(a) factors, and justified its decision to vary from the Guidelines, we hold that the district court had a reasoned basis for exercising its own legal decision-making authority and did not abuse its discretion in imposing a total sentence of 168 months' imprisonment.

Id. at 17.  The Court further recognized that the district court "determined that Kalu had committed this type of offense before and that he was a 'con man,'" and that "an above guideline sentence was necessary to deter Kalu from committing such an offense again, [and] to protect the public." Id.

   C.      **Post-Conviction Relief through 28 U.S.C. § 2255 Motion to Vacate[5]**

On September 30, 2013, Petitioner filed a motion for relief under 28 U.S.C. § 2255. ECF No. 1.[6]  Petitioner filed an amended motion for relief on November 14, 2013.  ECF No. 8.  Petitioner argued three claims for relief: (1) ineffective assistance of counsel; (2) violation of due process and equal protection rights; and (3) abuse of discretion of the sentencing court and "misapplication" of the Guidelines.  ECF Nos. 8 and 16 at 1.  On June 24, 2014, a Report and Recommendation was entered which recommended that the motion to vacate be denied and that no certificate of appealability be issued.  ECF No. 16.  On July 22, 2014, the district court adopted the Report and Recommendation and on September 5, 2014, the district court denied Petitioner's motion for reconsideration filed August 25, 2014.  ECF Nos. 17, 19, 20.

---

[5]  All CM/ECF references in Section II.C., unless otherwise noted, refer to entries in the docket of Civil Action No. 1:13-CV-23538, Southern District of Florida, available on PACER.

[6]  The motion was also docketed as ECF No. 144 in Petitioner's criminal case, 1:10-CR-20625.

### D.   Second Post-Conviction Relief through 28 U.S.C. § 2255 Motion to Vacate[7]

Petitioner filed a second motion for relief under 28 U.S.C. § 2255 on March 8, 2016. ECF No. 1.  Petitioner later filed an amended motion for relief on March 28, 2016.  ECF No. 7.   A Report and Recommendation was entered on May 11, 2017, which recommended that the motion to vacate be dismissed as untimely, or, alternatively denied on the merits.  ECF No. 14.  The district court adopted the Report and Recommendation and denied the petition for habeas corpus on June 28, 2017.  ECF Nos. 16, 17.  Petitioner filed a notice of appeal on November 7, 2017 in the Eleventh Circuit Court of Appeals docket number 17-15054, but the appeal was dismissed for lack of jurisdiction on January 11, 2018.  ECF Nos. 24, 30.

### E.   Third Post-Conviction Relief through 28 U.S.C. § 2255 Motion to Vacate[8]

On April 5, 2018, Petitioner filed a third motion for relief under 28 U.S.C. § 2255, and a memorandum of law in support thereof.  ECF Nos. 1, 3.[9]  Petitioner's sole claim for relief was that he was entitled to resentencing based on a vacated and reversed prior state conviction which was used to enhance his federal sentence.  ECF No. 1 at 4.  On May 14, 2018, a Report and Recommendation was entered which recommended that the motion to vacate be dismissed for lack of jurisdiction, or as untimely.  ECF No. 8.  On June 7, 2018, the district court adopted the Report and Recommendation and denied a

---

[7]  All CM/ECF references in Section II.D., unless otherwise noted, refer to entries in the docket of Civil Action No. 1:16-CV-20835, Southern District of Florida, available on PACER.

[8]  All CM/ECF references in Section II.E., unless otherwise noted, refer to entries in the docket of Civil Action No. 1:18-CV-21344, Southern District of Florida, available on PACER.

[9]  The motion was also docketed as ECF No. 152 in Petitioner's criminal case, 1:10-CR-20625.

certificate of appealability.  ECF No. 10.  Although Petitioner appealed the denial of his third § 2255 motion to the Eleventh Circuit, the case was later dismissed for failure to prosecute.  ECF Nos. 13, 19.

### F.    Instant Claims under 28 U.S.C. § 2241

Petitioner asserts that he is entitled to relief under the savings clause of 28 U.S.C. § 2255(e), and articulates two claims for relief which relate to two separate underlying offenses he claims were used to enhance his sentence.[10]  First, he argues that he is actually innocent of the predicate Florida state offense used to enhance his sentence by one criminal history point.  ECF No. 1 at 5.  Petitioner asserts that because that Florida offense was vacated his Guideline range is no longer accurate.  Id.  Second, Petitioner asserts that he is factually and legally innocent of the Florida state case which resulted in a 2-point criminal history increase.  Id. at 6.  For relief, Petitioner requests the Court vacate his sentence, hold an evidentiary hearing for resentencing and resentence him "without the two prior State convictions enhancement . . . because the predicate convictions have been vacated and [his] guideline imprisonment range is no longer accurate."  ECF No. 1-1 at 5.

### III.    LEGAL STANDARDS

### A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and

---

[10]  Although stated as two separate claims, it appears that Petitioner raises a single claim and restates the same claim as his second ground for relief.

any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[11] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

---

[11] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

490 U.S. at 327.

### C.  Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[12] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[12] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.      The date on which the judgment of conviction becomes final;
    b.      The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[13] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>. <u>See United States v. Wheeler</u>, 886 F.3d 415, 428 (4th Cir. 2018); <u>In re Jones</u>, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34.

---

States is removed, if the movant was prevented from making a motion by such governmental action;

c.      The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

d.      The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[13] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

8

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

<u>Wheeler</u>, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in <u>Wheeler</u>.  <u>Id.</u>

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the <u>Jones</u> test (if challenging the legality of his conviction) or the <u>Wheeler</u> test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  <u>See</u> <u>Wheeler</u>, 886 F.3d at 423–26.

## IV.     ANALYSIS

Petitioner's challenge to his sentence is untimely under the AEDPA one-year statute of limitations.  Petitioner's sentence was imposed on June 7, 2011.  He appealed his conviction and sentence, both of which were affirmed on July 30, 2012[14].  The one-year statute of limitations began to run on the date on which the judgment of conviction

---

[14]  The order of the Eleventh Circuit Court of Appeals was issued on July 30, 2012, however, that document was not transmitted to the United States District Court for the Southern District of Florida until August 29, 2012.

became final.  Petitioner does not argue, and nothing in the record suggests that any provision of 28 U.S.C. § 2255(f) has operated to extend or toll the statute of limitations for filing a motion to vacate under 28 U.S.C. § 2255.  Thus, Petitioner would have had to challenge his sentence not later than October 28, 2013.[15]  This petition was filed on August 27, 2018, and accordingly, falls far outside the one-year statute of limitations.

Because Petitioner's direct appeal rights have expired and Petitioner has already filed three § 2255 motions, he may attempt to seek relief under § 2255 provided that he can demonstrate his motion is filed within the 1-year period of limitation mandated under § 2255(f) **and** that he has permission to file a second or successive motion under § 2255(h).  Alternatively, Petitioner may file a petition under § 2241 relying on the savings clause of § 2255(e).

As it is well beyond 1-year post conviction, and Petitioner has not obtained permission to file a second or successive motion under § 2255(h), he may attempt to proceed via a § 2241 petition relying on the § 2255(e) savings clause.  However, in order to do so, he must meet all four prongs of the <u>Wheeler</u> test for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first, second, and third prongs of <u>Wheeler</u>, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect.  <u>See</u> <u>Lester v. Flournoy</u>, 909 F.3d 708, 715 (4th Cir. 2018).

---

[15]  The one-year appeal period started 90 days after the July 30, 2012, judgment became final, and Petitioner's right to seek a writ of certiorari expired, consistent with Sup. Ct. R. 13.1, which provides, "Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals. . . is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment. . . ."

In <u>Lester</u>, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-<u>Booker</u> when the sentencing Guidelines were mandatory.  <u>Id.</u> at 714.

However, the <u>Lester</u> court explicitly noted that had Lester's career offender misclassification occurred under the post-<u>Booker</u>, <u>advisory</u> Guidelines, his petition would have been barred as failing to meet the fourth <u>Wheeler</u> prong.  <u>Id.</u> at 715 ("<u>Foote</u>[16] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.").  This is because post-<u>Booker</u>, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." <u>Id.</u>  When a petitioner is sentenced under the post-<u>Booker</u>, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." <u>Id.</u>  In conclusion, the <u>Lester</u> court observed that, "the savings clause should provide only the tightest alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." <u>Id.</u> at 716.

In this case, Petitioner was sentenced under the post-<u>Booker</u>, advisory Guidelines, to a sentence above the Guideline range, but which the district court explained was appropriate to both deter the Petitioner from future wrongdoing and to protect the public.

---

[16] In <u>United States v. Foote</u>, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255.  The <u>Foote</u> Court concluded that such a claim was not cognizable under § 2255.  <u>Foote</u>, 784 F.3d at 932.  In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless is amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  <u>Id.</u> at 936 (quoting <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974)).  The <u>Foote</u> Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice.  <u>Id.</u> at 940, 944.

That above-Guidelines sentence was affirmed by the Eleventh Circuit.  Regardless of whether this was a misapplication of the Guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth <u>Wheeler</u> prong.  Because Petitioner cannot satisfy the savings clause of § 2255(e) under <u>Wheeler</u>, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

It is further **RECOMMENDED** that Petitioner's motion [ECF No. 15] to rule on petition for habeas corpus be **TERMINATED** as **MOOT.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 106 S.Ct 466 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 104 S.Ct 2393 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:      December 18, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE